**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-4844 |
| | § | |
| AERO JET COMMANDER AIRCRAFT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In June 2004, federal agents executed warrants to seize two aircraft in connection with a drug trafficking investigation. The United States filed its Complaint for Forfeiture *in rem* against the aircraft on December 30, 2004. An entity claiming an interest in one of the aircraft has filed a motion for leave to intervene under Rule 24(a)(2) of the Federal Rules of Civil Procedure, with affidavits describing its interest. The United States has moved to strike for lack of statutory standing and for failure to comply with the procedural requirements for asserting claims to defendant property in a forfeiture proceeding. No response has been filed to the government's motion to strike and opposition to the intervention. Based on a careful review of the motions, the record, and the applicable law, this court grants the government's motion to strike and denies the motion for leave to intervene. The reasons are set out below.

**I.      Background**

The two defendant aircraft are an Aero Jet Commander with serial number 985, tail number N85JW, registered to Constellation Airways Incorporated, and an Aero Jet

Commander with a serial number altered from "3 " to "041" and a tail number altered to "N499TR." In the December 30, 2004 forfeiture complaint, the government alleged that as to this second aircraft, forfeiture was sought under 21 U.S.C. § 881(a)(4), which provides for forfeiture of a conveyance – including an aircraft – used to facilitate drug trafficking, and under 49 U.S.C. § 46306, which provides for forfeiture of an aircraft that displays a mark that is false or misleading as to registration. The present motions concern only this second aircraft.

The government effected service by publication, with a last publication date in February 2005. On May 2, 2005, Michael Welch of MDC Management L.L.C. was served a copy of the complaint, because he had contacted the office of the United States Attorney, expressing an interest in the aircraft. On June 1, 2005, Welch filed an affidavit stating that MDC Management had an interest in this aircraft, identified by the serial number of 41 and the tail number of N499TR, by a "properly perfected and attached first priority lien." The affidavit identified Lee Snider, president of Trans Flight International, LLC, as the maker and a guarantor of the Note, and one of "his companies," Mach Aero International, as the registered owner of the aircraft. The affidavit stated that MDC Management had declared the Note in default in March 2005 but had not been able to locate the aircraft until it had received the Notice of Intent to Forfeit. Another person identifying herself as a member of MDC Management, LLC, Cindy Brown, filed an affidavit to the same effect on the same

date. The promissory note attached to Cindy Brown's affidavit identifies a Boeing 727-77, not an Aero Jet Commander, as the collateral.

On June 17, 2005, MDC Management filed a motion for leave to intervene under Rule 24, based on its asserted lien in the Aero Jet Commander aircraft with the altered serial number of 041 and the altered tail number of N499TR. The government then filed its motion to strike.

**II.     Analysis**

A claimant to a defendant property in a civil forfeiture proceeding must have both Article III and statutory standing to contest the forfeiture. *United States v. Currency $267,961.07*, 916 F.2d 1104, 1107 (6th Cir.1990). Article III standing is satisfied by a mere colorable interest in the seized property. The government disputes such an interest, pointing out that the papers filed in support of the affidavits do not match the interest asserted, and that the security agreement was recorded with the FAA only after federal agents had seized the aircraft. The government's primary argument, however, is that MDC Management does not have statutory standing.

Statutory standing is achieved by strictly complying with Federal Rule of Civil Procedure Supplemental Rule for Certain Admiralty and Maritime Claims C(6) which governs in rem actions in the district court. Supplemental Rule C(6) requires the claimant to file a verified claim to the *res* subject to forfeiture and to file an answer. By filing a claim that meets the procedural requirements of Rule C(6), a claimant has statutory standing to contest the government's forfeiture action.

Supplemental Rule C(6) provides in part:

> (i) a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right;
>
> (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
>
> (B) within the time that the court allows.
>
> . . . .
>
> (iii) a person who files a statement of interest in or right against the property must serve an answer within 20 days after filing the statement.

Supplemental Rules for Certain Admiralty and Maritime Claims R. C(6), 28 U.S.C.A. (West 2004).

This section of the Rule was amended, effective December 1, 2002, to be consistent with 18 U.S.C. § 983(a)(4)(A), by changing the time from twenty days to thirty days and the first event listed under (i)(A) to the date of service of the government's complaint, rather than the date of actual notice of the execution of process. 12 C. WRIGHT & A. MILLER ET AL., FEDERAL PRACTICE & PROCEDURE, CIVIL § 3223 (2004).

The dictates of Rule C(6) are relatively plain and the case law applying it repeatedly states that compliance must be strict. *See, e.g., United States v. One Assortment of Eighty-Nine Firearms and Six Hundred and Thirty-Eight Rounds of Ammunition*, 846 F.2d 24, 26 (6th Cir.1988); *see also United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th Cir. 2000) ("[S]trict compliance with Supplemental

Rule C(6) is typically required.").

In this case, the government met the notice and publication requirements in February 2005 and served process on Welch on behalf of MDC Management on May 2, 2005. Welch and Brown filed affidavits asserting MDC Management's interest in the aircraft on June 1, 2005. Yet they did not file an answer within the statutory period. Instead, they filed a motion for leave to intervene under Rule 24. Even after the government moved to strike, MDC did not file an answer, move for leave to file an answer, move for leave to extend the time to file an answer, or explain its failure to do so.

The decision to strike is within the discretion of the court. A court should consider specific factors in making such a determination. These factors include the time at which the claimant became aware of the seizure; whether the government encouraged the delay; the reasons proffered for the delay; whether the claimant has advised the court and the government of its interest in the defendant property before the claim deadline; whether the government would be prejudiced by allowing the late filing; the sufficiency of the answer in meeting the basic requirements of the verified claim; and whether the claimant timely petitioned for an enlargement of time. *See United States v. Currency in the Amount of $103,387*.27, 863 F.2d 555, 561 (7th Cir. 1988).

Assuming, without deciding, that the affidavits filed on June 1, 2005 are verified claims under Supplemental Rule C(6) leaves the issue of the failure to file an answer within the time limit. No explanation is offered. No timely petition for additional time is made. There is no suggestion of any government encouragement of the delay in filing an answer

5

required by Rule C(6).  None of the circumstances courts have consistently recognized as mitigating factors supporting a discretionary approval of late filing is present here.  The claimant did not file an answer; did not rely detrimentally on misinformation from a government agency; and did not expend considerable resources in preparing for trial.  *See, e.g.*, *United States v. One Dairy Farm*, 918 F. 2d 310, 312 (1st Cir. 1999) (collecting cases).  MDC Management has not filed a proper answer and still has not responded to the motion to strike the claim.  Because MDC Management failed to file a timely answer, it lacks statutory standing to defend the property in this civil forfeiture case.  This court denies MDC Management's motion for leave to intervene and grants the government's motion to strike the affidavits.

      SIGNED on August 18, 2005, at Houston, Texas.

                                          _____
                                                Lee H. Rosenthal
                                            United States District Judge